J. R. NEATHERLIN CORPORATION,
Appellant,

v.

Don C. BAUGHMAN, et ux., Appellees.

No. A1954.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 4, 1979.

Rehearing Denied April 25, 1979.

Meyer Jacobson, Houston, for appellant.

Charles W. Kelly, Bryan A. Domning, Ross, Griggs & Harrison, Houston, for appellees.

Before PRESSLER, MILLER and SALAZAR, JJ.

PRESSLER, Justice.

This is an appeal from a judgment for appellees, plaintiffs below, wherein the jury found money damages resulting from the moving of appellees' house by appellant, defendant below. In the final judgment the Court disallowed the jury's finding that the value of the house was enhanced as a result of repairs by appellees.

Appellees entered into a written contract with appellant, whereby appellant was to transport a house owned by appellees from Tomball, Texas to Iowa Colony, Texas. The contract stated that the work was to be done in a workmanlike manner. The house-moving took approximately two months to complete. During the move the house was damaged and repairs were required. Appellees filed suit to recover the cost of repairing the house from appellant. Appellant answered by a general denial but later was allowed to file a trial amendment. The amended answer alleged that the value of the house had been enhanced by the repairs made by appellees after the move was completed.

The case was tried before a jury and, after presentation of the evidence by both parties, was submitted to the jury on special issues. In answering the special issues, the jury found that as a result of defendant's negligence in moving the house, the plaintiffs sustained damages of $3,500.00. In addition, the jury found that the repairs made by plaintiff resulted in increasing the value of the house by $8,671.00. The trial

court then rendered judgment for appellees for $3,500.00, disregarding the finding that the value of the house had been enhanced. Appellant has perfected this appeal from the trial court's judgment.

■ Appellant contends that the judgment of the trial court is contrary to the evidence and to the law and that appellees should recover nothing because of the finding that the value of their home had been enhanced. It is well established that the trial court, in rendering judgment based on a jury verdict, is not strictly bound by the answers to each special issue, but rather may consider the verdict as a whole. *Teas v. Republic National Bank of Dallas*, 460 S.W.2d 233 (Tex.Civ.App.-Dallas 1970, writ ref'd n. r. e.).

It appears from the record that the jury's finding that the appellees were entitled to compensation for damages caused by appellant's negligence made the enhanced value issue immaterial. Texas cases have clearly established that a trial court may disregard a jury's finding on an immaterial special issue and render judgment based upon the remaining issues. *Southern Pacific Transportation Company v. Allen*, 525 S.W.2d 300 (Tex.Civ.App.-Houston [14th Dist.] 1975, no writ); *Acoustical Screens in Color, Inc. v. T. C. Lordon Company, Inc.*, 524 S.W.2d 346 (Tex.Civ.App.-Dallas 1975, writ ref'd n. r. e.).

We have reviewed the verdict of the jury, along with the entire trial record, and find that the judgment of the trial court was clearly within its discretion.

The judgment of the trial court is affirmed.

Affirmed.