John B. DEWBERRY, et al., Appellants,

v.

James A. McBRIDE, et al., Appellees.

No. 09–81–034 CV.

Court of Appeals of Texas,
Beaumont.

May 13, 1982.

W. Richard Ellis, Houston, for appellants.

Barry G. Flynn, Houston, for appellees.

KEITH, Justice.

Plaintiffs below appeal from an adverse judgment based upon several jury findings in a suit involving the ownership of a fractional interest in a tract of land owned or claimed at one time by the plaintiffs as members of a limited partnership. The facts are somewhat complicated, all disputed, and the briefs do not address a critical question in the case.

Plaintiffs were limited partners in a venture known as Rockhampton Investment Company ("Rockhampton"), and each initially owned an undivided five per cent share in Rockhampton of which one of the original defendants, McBride, was the general partner. Rockhampton purchased, upon long term credit, a 114-acre tract of land in Harris County, making a relatively small down payment thereon with the balance payable over a period of years.

A controversy arose between some of the limited partners and McBride, and he resigned shortly before an annual payment was due upon the land in February, 1975. Several of the limited partners, including plaintiffs, had decided to default and seek equitable relief against McBride and one Heiden, the original vendor and a lien holder on the land. Their theory was one charging self-dealing because of an unauthorized real estate commission charged to the partnership on the purchase of the land. The decision to default was not unanimous among the limited partners.

Several of the other limited partners, including our defendant-appellee, Crenshaw, secured an extension from Heiden but eventually paid Heiden the February installment, approximately $160,000. Thereafter, Crenshaw sent the defaulting limited partners notice of foreclosure sale upon their interests in the partnership because of the default and his payment of the installment. This procedure was authorized under the terms of the partnership instrument, as we will note later.

Defendants, including our appellant Dewberry, procured a temporary restraining order prohibiting the foreclosure; but, after a hearing, the temporary injunction was denied. The order denying the temporary injunction was entered by agreement of the parties and contained several unusual provisions, two of which are relied upon in this litigation. (1) Defendants, Crenshaw, et al, had the legal right to proceed with the foreclosure sale unless the defaulting partners paid their share before May 30, 1975, and (2) plaintiffs expressly waived further notice of the foreclosure sale.

After a change in parties, numerous amendments to the pleadings and pre-trial maneuverings, the case proceeded to trial after a foreclosure on plaintiffs' interests had been held on May 31, 1975. We state the jury findings without commenting upon the form of the questions of the effect of the answers:[1] (1) Crenshaw had a right to foreclose a lien on May 31; (2) the foreclosure was "conducted in a commercially reasonable manner"; (3) Crenshaw's attorney agreed with plaintiffs' attorney to extend the date of the foreclosure for ten days from May 30 for plaintiffs to pay; and (4) plaintiffs did not pay within the extended period.

*Plaintiffs'* motion for judgment non obstante veredicto was overruled; defendants' motion for entry of judgment, which did not seek action disregarding the third finding, was granted and judgment entered denying plaintiffs any relief. We affirm.

---

1. Insofar as shown by our record, there were no objections to the charge and no party offered any additional instructions for guidance of the jury.

We will address the obvious question of the authority of the trial court to enter judgment for the defendants without having a motion filed under *Tex.R.Civ.P. 301.* Plaintiffs' entire theory of recovery was based upon their contention that Crenshaw's attorney, Laswell, agreed with their attorney, Vaughan, that he would extend the date of the foreclosure sale for a period of ten days after May 30 so as to give plaintiffs additional time to pay the sums due Crenshaw. While the evidence was conflicting, our review discloses evidence sufficient to support an affirmative answer to the question submitted. But, it is admitted, and plaintiffs do not argue otherwise, they did not pay or offer to pay during the ten-day period mentioned.

■ It is now axiomatic in Texas that a trial court may not enter a judgment non obstante veredicto and cannot disregard any special issue jury finding except upon written motion and reasonable notice. *Hines v. Parks,* 128 Tex. 289, 96 S.W.2d 970, 972 (1936). *Accord: Edmiston v. Texas & N. O. R. R.,* 135 Tex. 67, 138 S.W.2d 526, 528 (1944); *International Business Machine Corp. v. Pearsall,* 422 S.W.2d 797, 801 (Tex. Civ.App.—Dallas 1967, writ ref'd n.r.e.), *Dupree v. Piggly Wiggly Shop Rite Foods, Inc.,* 542 S.W.2d 882, 892 (Tex.Civ.App.— Corpus Christi 1976, writ ref'd n.r.e.).

■ Indeed, where only one or more special issues are challenged, but not the whole verdict, the motion to disregard must be directed to the objectionable issue or issues and point out the reasons why such issue should be disregarded. *Jinks v. Whitaker,* 195 S.W.2d 814, 817 (Tex.Civ.App.—Texarkana), writ ref'd n.r.e., per curiam, 145 Tex. 318, 198 S.W.2d 85 (1946). See also, *Dittberner v. Bell,* 558 S.W.2d 527, 531 (Tex.Civ. App.—Amarillo 1977, writ ref'd n.r.e.).

■ The rule is also recognized in Texas that a trial court may disregard a jury's finding on an immaterial issue and render judgment based upon the remaining findings. *J. R. Neatherlin Corp. v. Baughman,* 580 S.W.2d 129, 130 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.).

Such a judgment is not considered as one rendered non obstante veredicto. *T. A. Manning & Sons, Inc. v. Ken-Tex Oil Corp.,* 418 S.W.2d 324, 326 (Tex.Civ.App.—Austin 1967, writ ref'd n.r.e.).

If Special Issue No. 3 was immaterial, then it was properly disregarded; otherwise, the trial court had no authority to disregard it and committed reversible error. *Waters v. Bruner,* 355 S.W.2d 230, 232 (Tex. Civ.App.—San Antonio 1962, writ ref'd n.r. e.). See also, *Southern Pacific Transportation Co. v. Allen,* 525 S.W.2d 300, 304–305 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).

■ Special Issue No. 3, submitting the alleged agreement to postpone the sale, was the cornerstone of plaintiffs' case upon which their entire theory of recovery was based. But, the record showed conclusively that plaintiffs neither paid nor tendered the payments which would have been due during the extended period. Thus, they were confronted with the elementary rule of long standing that "a party to a contract who is himself in default cannot maintain a suit for its breach." *Gulf Pipe Line Co. v. Nearen,* 135 Tex. 50, 138 S.W.2d 1065, 1068 (1940).

■ It has been held, authoritatively, that in suits for breach of contract, a general denial puts in issue the allegations of the plaintiff that he performed under his version of the contract and the amount of the damages flowing therefrom. *Whitten v. Alling & Cory Company,* 526 S.W.2d 245, 249 (Tex.Civ.App.—Tyler 1975, writ ref'd).

■ Since plaintiffs were not entitled to recover under the alleged contract, the jury finding of the existence of such contract was immaterial since plaintiffs were not entitled to recover any relief against defendants.

We are of the opinion that the trial court, even in the absence of a motion under *Rule 301,* properly disregarded the answer to Special Issue No. 3 and entered judgment for the defendants. *J. R. Neatherlin Corp. v. Baughman,* supra.

Having examined the remaining points of error brought forward, we find no theory that would authorize plaintiffs to maintain their suit after their own breach of the agreement upon which they sued. *Wehmeyer v. Domingues*, 286 S.W.2d 194, 196 (Tex.Civ.App.—San Antonio 1956, no writ).

The judgment of the trial court was correct; it is AFFIRMED.