**LEWIS & LAMBERT METAL CONTRACTORS, INC.,**
**Appellant,**

**v.**

**Donna JACKSON and Theresa Holley, individually and as next friend of Doven Holley and Kieran Teak Holley, Appellees.**

**No. 05–93–00254–CV.**

Court of Appeals of Texas,
Dallas.

Aug. 10, 1994.

---

Russell H. McMains, Stacy L. Keaton, Law Offices of Russell H. McMains, Corpus Christi, Texas, Lynn Fielder, Fisk & Fielder, P.C., Dallas, Texas, David R. Weiner, Law Offices of Windle Turley, P.C., Dallas, Texas, for appellees.

Fred Misko, Jr., James L. Mitchell, Jr., and Charles S. Siegel, Misko, Howie & Sweeney, Dallas, Texas, David E. Keltner, Keith D. Calcote, and Michelle E. McCoy, Haynes & Boone, L.L.P., Dallas, Texas, for appellant.

Before BAKER, OVARD and MALONEY, JJ.

## OPINION

MALONEY, Justice.

Donna Jackson and Theresa Holley sued Lewis & Lambert Metal Contractors, Inc. (the Corporation) for negligence, strict products liability (Restatement (Second) of Torts § 402A), misrepresentation (Restatement (Second) of Torts § 402B), breach of contract, breach of warranty, and violations of the Deceptive Trade Practices Act [1] (laundry list violations and breach of warranty).

The jury found the Corporation liable under theories of misrepresentation, negligence, and DTPA breach of warranty. The trial court disregarded the jury's finding of misrepresentation. It ordered the Corporation to pay Jackson and Holley damages and attorneys' fees based on the DTPA breach of warranty finding.

1. TEX.BUS. & COM.CODE ANN. § 17.41 et seq., known as the Deceptive Trade Practices–Consumer Protection Act. (DTPA)

In three points of error, the Corporation complains the trial court erred in awarding damages, and in denying settlement credit. We affirm the trial court's judgment.

## BACKGROUND

The Texas Scottish Rite Hospital for Children (the Hospital) employed Jackson and Holley in its prosthetics laboratory. The Hospital renovated its facilities. The renovation relocated the Hospital's prosthetics laboratory to the basement.

The Corporation subcontracted to provide the laboratory's ventilation system. Because the laboratory was in the basement, the ventilation system included an exhaust system to remove toxic fumes.

Shortly after Jackson and Holley began working in the new laboratory, they complained to the Hospital about the ventilation system. The hospital told the Corporation about the complaints.

The Corporation worked on the ventilation system. They assured the Hospital that they had repaired the system. The Hospital conveyed these assurances to Jackson and Holley.

Based on these assurances, Jackson and Holley returned to work. The day the Hospital reopened the laboratory, Holley fell unconscious in the laboratory. Doctors diagnosed both Jackson and Holley as having toxic-exposure injuries.

## DTPA–CONSUMER STATUS

In its first point of error, the Corporation complains the trial court erred in submitting jury questions on DTPA theories of recovery. Specifically, it argues that a purchaser's employees are not consumers "with respect to independent contractors hired by their employers." The Corporation contends that Jackson and Holley were not "consumers" under the DTPA as a matter of law. Jackson and Holley respond that they were consumers, at the very least, for the ventilation system repairs.

**2.** Holley and Jackson argue that these cases are distinguishable because Holley and Jackson actu-

### 1. Applicable Law

A consumer is "an individual, partnership, corporation ... who seeks or acquires by purchase or lease, any goods or services." TEX.BUS. & COM.CODE ANN. § 17.45(4) (Vernon 1987). We liberally construe the DTPA and give it the most comprehensive application we can without doing violence to its terms. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540–41 (Tex. 1981). The DTPA does not require that the consumer himself purchase or lease goods or services. *Kennedy v. Sale*, 689 S.W.2d 890, 892 (Tex.1985); *D/FW Commercial Roofing Co., Inc. v. Mehra*, 854 S.W.2d 182, 185 (Tex. App.—Dallas 1993, no writ). To deny recovery because the plaintiff himself did not purchase or lease the goods or service:

> would say to wrongdoers that they may escape the consequences of their misdeeds when the goods that they have sold, as a consequence of their misrepresentation of its uses, characteristics or benefits, happen to injure someone other than the party who literally signed the purchase agreement.

*Superior Trucks, Inc. v. Allen*, 664 S.W.2d 136, 148 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

### 2. Application of Law to Facts

The Corporation relies on *Lara v. Lile*, 828 S.W.2d 536, 542 (Tex.App.—Corpus Christi 1992, writ denied), *Hernandez v. Kasco Ventures, Inc.*, 832 S.W.2d 629, 634 (Tex.App.— El Paso 1992, no writ), and *Munoz v. Gulf Oil Co.*, 732 S.W.2d 62, 66 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) as authority to show that employees are not consumers with respect to independent contractors hired by their employers. Appellant misplaces its reliance.[2]

The *Munoz* court found no breach of warranty to support a DTPA claim. It never considered whether the plaintiff was a consumer.

In *Lara*, a subcontractor's employee ran over one of the contractor's employees with a

ally sought services. We agree.

truck. The service provided was transporting culverts. The *Lara* court held that Lara did not seek, receive, or acquire the service. Nor did the supplied service benefit Lara. 828 S.W.2d at 542.

In *Hernandez,* an employer's malfunctioning dock leveler injured his employee. The court held that "Hernandez ... failed to show that he either sought or acquired the 'defective' dock leveler.... Indeed, the facts clearly establish that Hernandez did not request or ask for the goods." 832 S.W.2d at 634.

Here, Jackson and Holley were concerned that the ventilation system was not working properly. They complained to the Hospital. Jackson, Holley and the Hospital discussed the problem. They decided to close the laboratory until the ventilation system could be checked. The Hospital contracted with the Corporation to check and repair the ventilation system.

After working on the ventilation system, the Corporation expressly and impliedly warranted to the Hospital that they repaired the ventilation system and it was safe. The Hospital told Jackson and Holley that the system was repaired and safe. Jackson and Holley relied on these representations.

■ That the Hospital, not Jackson and Holley, actually contracted for the repairs is of no significance. The Hospital acted as intermediary. Because the Hospital acted on Jackson and Holley's request, we hold they did "seek or acquire" the ventilation system's repairs.

We overrule the Corporation's first point of error.

### SETTLEMENT CREDIT

In its second and third points of error, the Corporation complains the trial court erred

3. Point two challenges the application of *Duncan* in the event we conclude that Jackson and Holley lack consumer status and may not recover for breach of warranty under the DTPA. Because of our disposition of point one, we consider only point three which challenges the trial court's application of *Duncan* even if we conclude that Jackson and Holley may recover for breach of warranty under the DTPA.

in determining the settlement credit under *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414 (Tex.1984).[3] The Corporation argues the one satisfaction rule derived from the original contribution scheme should apply. It maintains the trial court should have given a dollar-for-dollar credit for payments made by settling defendants.

### 1. Applicable Law

■ Texas has four different contribution schemes: (1) the old comparative negligence statute,[4] (2) the comparative responsibility statute,[5] (3) the *Duncan v. Cessna Aircraft Co.* comparative causation scheme,[6] and (4) the original contribution statute.[7] *First Title Co. v. Garrett,* 860 S.W.2d 74, 78 (Tex.1993). The liability theory under which the plaintiff recovers determines the applicable contribution scheme. *See id.* The applicable contribution scheme determines which type of settlement credit the trial court applies. *See id.; Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 5 (Tex.1991).

The old comparative negligence statute applies only to negligence theories of recovery. *Sterling,* 822 S.W.2d at 5. The comparative responsibility statute applies only to cases filed after its effective date. *Id. Duncan* applies only to products cases involving strict liability, breach of warranty, and mixed theories of strict liability and negligence tried after July 13, 1983. *Id.* The original contribution statute governs actions not covered by *Duncan,* the old comparative negligence statute, or the comparative responsibility statute. *Beech Aircraft Corp. v. Jinkins,* 739 S.W.2d 19, 20 (Tex.1987).

### 2. Application of Law to Facts

The jury found the Corporation liable to Jackson and Holley under both a negligence

4. Tex.Civ.Prac. & Rem.Code Ann. §§ 33.001–.017 (Vernon 1986), *amended by* Acts 1987, 70th Leg., 1st C.S., ch. 2, § 2.04.

5. Tex.Civ.Prac. & Rem.Code Ann. §§ 33.001–.016 (Vernon Supp.1994).

6. 665 S.W.2d 414 (Tex.1984).

7. Tex.Civ.Prac. & Rem.Code Ann. § 32.001–.003 (Vernon 1986).

and a breach of warranty theory. Jackson and Holley filed this suit before the effective date of the comparative responsibility statute. Consequently, either *Duncan* or the original contribution statute must govern.

If the original contribution statute governs, the nonsettling defendant would be entitled to a dollar-for-dollar credit. If *Duncan* governs, the trial court should give a percentage credit to the nonsettling defendant based on the percentage of causation the jury attributed to the settling defendants.

The Corporation argues that *Sterling* and *Garrett* hold that the *Duncan*'s settlement credit scheme does not apply because Jackson and Holley recovered under the DTPA. They maintain that our supreme court has determined the *Duncan* scheme does not apply to any DTPA recovery. We find that neither *Sterling* or *Garrett* govern a breach of warranty action brought under DTPA section 17.50(a)(2).[8]

The *Duncan* scheme clearly applies to common law breach of warranty case that is filed within *Duncan's* applicable time period. In fashioning the *Duncan* contribution scheme, the supreme court attempted to balance the poor settlement risk and the good settlement benefit. The *Duncan* court considered the scheme's tendency to encourage honest settlements while discouraging collusive settlements. The compromise reached in *Duncan* balanced the equities and allocated the risks of settlement between injured plaintiffs and tortfeasors.

The Corporation does not explain how fair-allocation-considerations differ in breach of warranty cases brought under the common law and under the DTPA. Without a compelling reason, we will not disturb the supreme court's determination of the proper balance of the equities.

 The trial court properly concluded the *Duncan* contribution scheme applied to this breach of warranty recovery under the DTPA.[9] In this case, however the Corporation did not request and the trial court did not submit a jury issue on both the settling and nonsettling defendants' comparative causation. Without a jury issue, the trial court could not apply a percentage credit.

We overrule the Corporation's second and third points of error.

## CROSS-POINTS OF ERROR

Holley, as cross-appellant, argues the trial court erred in disregarding the jury's misrepresentation finding, submitting jury questions on comparative fault, and allowing a credit for settlements paid to Doven and Kieran Teak Holley. Jackson, as cross-appellant, conditionally challenged the trial court's disregarding the misrepresentation finding and submitting the comparative fault issues. In the event we found that she and Holley were not consumers under the DTPA, she argues the trial court erred in disregarding the jury's finding and not submitting a comparative fault issue. Because of our disposition of the Corporation's first point of error, we do not reach Jackson's conditional cross-points of error.

## 402B MISREPRESENTATION LIABILITY

In Holley's first cross-point of error, she argues the trial court erred in disregarding the jury's finding of a 402B misrepresentation. She contends the evidence supported the question's submission and jury's finding.

### 1. Applicable Law

#### a. Disregarding Jury Issues

 On motion and reasonable notice, a court may disregard any jury finding that has no support in the evidence. TEX.R.CIV.P. 301; *Simpson v. Phillips Pipe Line Co.*, 603 S.W.2d 307, 311 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). A trial court may

---

8. This is a case of first and last impression. The comparative responsibility statute now governs actions for personal injury, wrongful death and property damage brought under the DTPA. TEX. CIV.PRAC. & REM.CODE ANN. § 33.002 (Vernon Supp. 1994); TEX.BUS. & COM.CODE ANN. § 17.50(b)(1)(A) (Vernon Supp.1994).

9. We are aware of *Kenneth H. Hughes Interests, Inc. v. Westrup*, 879 S.W.2d 229 (Tex.App.— Houston [1st Dist.] 1994, writ requested). We decline to follow it.

also disregard an immaterial jury finding and enter judgment on the remaining findings. *Dewberry v. McBride,* 634 S.W.2d 53, 55 (Tex.App.—Beaumont 1982, no writ). A jury finding is immaterial when the trial court should not have submitted the question to the jury and the jury's finding does not apply to the case. *Brown v. Armstrong,* 713 S.W.2d 725, 728 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

### b. Restatement (Second) of Torts § 402B

■ Texas has adopted section 402B of the Restatement (Second) of Torts. *Crocker v. Winthrop Lab. Div. of Sterling Drug, Inc.,* 514 S.W.2d 429, 431 (Tex.1974). It provides that:

> One engaged in the business of selling chattels who, *by advertising, labels, or otherwise, makes to the public* a misrepresentation of a material fact concerning the character or quality of a chattel sold by him is subject to liability for physical harm to a consumer of the chattel caused by justifiable reliance upon the misrepresentation, even though
>
> (a) it is not made fraudulently or negligently, and
>
> (b) the consumer has not bought the chattel from or entered into any contractual relation with the seller.

*Crocker,* 514 S.W.2d at 431 (emphasis added); RESTATEMENT (SECOND) OF TORTS § 402B (1965). Section 402B applies only to misrepresentations made to the public. RESTATEMENT (SECOND) OF TORTS § 402B cmt. h (1965).

### 3. Application of Law to Facts

■ Section 402B of the Restatement (Second) of Torts does not apply to private misrepresentations. The alleged misrepresentations in this case were between the Corporation and the Hospital. Holley cites us to no public misrepresentation made by the Corporation. We do not search the record to find reversible error. *Most Worshipful Prince Hall v. Jackson,* 732 S.W.2d 407, 412 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Without evidence of a public misrepresentation, the trial court should not have submitted the 402B issue to the jury. Because the

trial court should not have submitted the issue to the jury, it properly disregarded the jury's answer.

We overrule Holley's first cross-point of error.

## COMPARATIVE NEGLIGENCE

In her second cross-point of error, Holley argues the trial court erred in "submitting and refusing to disregard" the answers to questions one, two and six because there was "no evidence to raise or support a contributory negligence defense." We interpret Holley's point of error as a challenge to the legal sufficiency of the evidence to support jury findings one, two and six.

### 1. Standard of Review

■ In reviewing legal sufficiency or "no evidence" points, we consider only the evidence which tends to support the jury's finding and disregard all contrary evidence and inferences. *Havner v. E–Z Mart Stores, Inc.,* 825 S.W.2d 456, 459 (Tex.1992). If any evidence of probative force supports the finding, we uphold the trial court's submission of the issue and the jury's finding. *Southern States Transp., Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989).

### 2. Applicable Law

■ Contributory negligence is the failure to use ordinary care to do that which a person of ordinary prudence would have done, or doing that which a person of ordinary prudence would not have done, under the same or similar circumstances. *Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 520 (Tex.1978). Negligence is that conduct which creates an unreasonable risk of harm to others. Contributory negligence is that conduct which creates an unreasonable risk of harm to oneself. *Walgreen–Texas Co. v. Shivers,* 137 Tex. 493, 501, 154 S.W.2d 625, 631 (1941). The standards and tests for determining contributory negligence are the same as those for determining negligence. *Carney v. Roberts Inv. Co., Inc.,* 837 S.W.2d 206, 208 (Tex.App.—Tyler 1992, writ denied).

 Evidence of custom is admissible as evidence of what an ordinary prudent person would do. *Great Atl. & Pac. Tea Co. v. Garner,* 170 S.W.2d 502, 505 (Tex.Civ.App.— Dallas 1943, writ ref'd w.o.m.). But custom is not conclusive proof because the custom itself may not meet the requirements of ordinary care. *Id.*

### 3. Application of Law to Facts

Holley summarizes the evidence of her negligence as: 1) testimony that she was seen without a respirator in the laminar room on the day of the accident, and 2) a report prepared by investigators and admitted into evidence which concluded that Holley may have contributed to this accident. She argues this evidence fails to controvert her evidence that "the standard of care generally accepted by certified prosthetist[s] did not include wearing respirators when mixing chemicals." That prosthetists generally do not use respirators is not conclusive on the issue of ordinary care.

 The record contains evidence that Holley did not wear a respirator in the laboratory on the day in question. Additionally, the Corporation produced evidence that the laboratory employees were not safety conscious in mixing, labeling, storing, and disposing of chemicals. And that each of these acts created unnecessary exposure to and possible improper mixing of chemicals. These facts amount to more than a mere scintilla of evidence. They raised an issue of fact on whether Holley's, and the other laboratory employees acts, contributed to the injury. The trial court did not err in submitting a jury issue on contributory negligence. Nor did it err in not disregarding the jury's answer.

We overrule Holley's second cross-point of error.

### SETTLEMENT CREDIT FOR PAYMENTS TO HOLLEY CHILDREN

In her third cross-point of error, Holley argues the trial court erred in crediting the settling defendants payments to Doven and Kieran Teak Holley (the children) against the jury's award to the children. Holley contends that *Duncan* governs because the jury found the Corporation liable under both breach of warranty and negligence theories. The Corporation responds that the one satisfaction rule governs because the children's only possible theory of recovery is negligence.

 We determined that unless *Duncan* governs, the one satisfaction rule must apply. For *Duncan* to apply, the jury must find at least one defendant liable to plaintiffs on a theory *other than negligence.* When a plaintiff's only recovery is in negligence, the rationale behind the *Duncan* scheme does not apply.

 Jackson and Holley's theories of recovery were not available to the children. The children could have recovered only in negligence. Therefore, we hold that *Duncan* applies only to plaintiffs who recover under strict liability, breach of warranty, or mixed theories of strict liability and negligence in suits tried after July 13, 1983, but filed before September 2, 1987. A plaintiff who recovers only in negligence cannot benefit from the *Duncan* scheme merely because he or she joins in a suit brought by a plaintiff whose claims do fall under *Duncan.*

The jury found $100,000 damages for each child. The jury also found Holley forty-nine percent contributorily negligent. When the trial court properly applied the one satisfaction rule and credited each child's $67,500 settlement against the remaining damages, nothing was left for the trial court to award. We overrule Holley's third cross-point of error.

We affirm the trial court's judgment.