J.L. and Mary McDANIEL, Appellants,

v.

CONTINENTAL APARTMENTS JOINT VENTURE, Janet Baulhaber, Gaylor Horn, James Blabaum, Carol Schultz, Clifford Strelow, William Hebert, Cyril Tilson, Richard Karls, Donald Wahlin, Charles Williams and Jerry Huckabee, Appellees.

No. 05–92–01957–CV.

Court of Appeals of Texas, Dallas.

Oct. 6, 1994.

action. The McDaniels alleged premises defect and negligent activity theories of recovery. The trial court disregarded certain jury findings and granted judgment for Appellees. In five points of error, the McDaniels argue that the trial court erred in: (1) granting judgment notwithstanding the verdict, (2) granting summary judgment, and (3) giving a dollar-for-dollar settlement credit.[2] Hebert asserts two cross-points of error challenging the sufficiency of the evidence to support some elements of damages awarded by the jury. Faulhaber, Horn, Blabaum, and Schultz assert cross-points of error challenging the trial court's denial of their motion for new trial and motion for judgment.

We reverse and remand this cause for calculation of the settlement credit under section 33.012(b)(2) of the Texas Civil Practice and Remedies Code. We affirm the trial court's judgment in all other matters.

Tom A. Stribling, Austin, Gary Lewellen, Stephenville, Albert G. McGarth, Jr., Dallas, Paul A. Hoffman, Dallas, Cynthia Hollingsworth, David C. Godbey, Dallas, for appellants.

Ken Carroll, Dallas, for appellees.

Before Justices BAKER, OVARD, and MALONEY.

## OPINION ON MOTION FOR REHEARING

MALONEY, Justice.

We deny appellants' motion for rehearing. We withdraw this Court's opinion of June 6, 1994. This is now the opinion of the Court.

J.L. and Mary McDaniel sued Continental Apartments Joint Venture, the individual members of the Joint Venture,[1] and Jerry Huckabee in a wrongful death and survival

## FACTUAL BACKGROUND

Lynn McDaniel, the deceased, lived at the Madrid Apartments in Stephenville, Texas. She died from injuries she received when one of the apartment complex's balconies collapsed as she walked under it.

Jerry Huckabee remodeled and extended that balcony eight years before it collapsed. Its construction did not comply with the Stephenville Building Code. At the time of the construction, the Joint Venture managed the Madrid Apartments. The Joint Venture employed Sue Dameron as the on-site manager. As manager, she employed Huckabee to extend the balcony.

All of the individual members of the Joint Venture lost their ownership interest in the Madrid apartments after Huckabee completed the balcony's extension, but before it collapsed.[3] Gleason and Hammit owned the property when the balcony collapsed.

---

1. Blabaum, Faulhaber, Hebert, Horn, Schultz, Strelow, Tilson, Karls, Wahlin, and Williams were individual members of the Joint Venture and owned the Madrid Apartments. When we discuss these members as a group, we refer to them as *the Individuals.* When we use the term *Appellees,* we refer to the Joint Venture and the Individuals as a group.

2. Appellants settled their claims against William Gleason and Melvin Hammit for $1,000,000 before trial began.

3. Several of the Individuals lost their ownership interest through foreclosure or deeds in lieu of foreclosure. Other Individuals relinquished their ownership interest voluntarily.

## PROCEDURAL BACKGROUND

Tilson, Karls, Wahlin, and Williams (the Movants) moved for summary judgment asserting that they were not liable because: (1) they transferred their property ownership involuntarily and (2) they did not know or have reason to know about the alleged construction defect or problems with the premises. The trial court granted their motions for summary judgment without specifying on which ground it based summary judgment.

The jury made no findings concerning Movants. The jury found that Gleason and Hammit were not negligent and did not cause the collapse. The jury found in:

Question One: The Joint Venture and Huckabee were negligent because of violations of the Stephenville building code and that their negligence proximately caused injury;

Question Two: The Joint Venture was negligent in hiring or supervising Huckabee and Dameron;

Question Three: Negligent hiring and/or supervising of Huckabee and Dameron proximately caused the complained-of injury; and

Question Four: Twenty percent liability was attributable to the Joint Venture and eighty percent to Huckabee.

The trial court disregarded the jury's responses to questions one, two, three, and four with respect to Faulhaber, Horn, Blabaum, Schultz, Strelow, Hebert, and the Joint Venture. The jury also found:

Huckabee was an independent contractor of the Joint Venture;

No gross negligence;

Faulhaber, Horn, Blabaum, Schultz, and Hebert did not know of, did not have reason to know of, and did not conceal their knowledge of the premises defect;[4] and

Hebert did not have a reasonable opportunity to discover the condition of the balcony.

The trial court entered judgment for the McDaniels against Huckabee for $3,860,000 less the $1,000,000 settlement received from Gleason and Hammit. It entered judgment that the McDaniels take nothing on their claims against Faulhaber, Horn, Blabaum, Schultz, Strelow, Hebert, and the Joint Venture. The trial court also incorporated the interlocutory summary judgment for the Movants into the final judgment.

## DISREGARDED JURY FINDINGS AND JUDGMENT NOTWITHSTANDING THE VERDICT

In their first point of error, the McDaniels argue the trial court erred in entering a take nothing "Amended Final Judgment And Judgment Notwithstanding The Verdict And Disregarding Jury Findings." In their second point of error, they argue the trial court erred in overruling their "Motion To Modify The Judgment Or Alternatively For New Trial." They maintain they are entitled to judgment because the jury found the Joint Venture negligent and that negligence was a proximate cause of Lynn McDaniel's death.

### 1. Applicable Law

A trial court properly enters a judgment notwithstanding the verdict (1) when the evidence is conclusive and one party is entitled to judgment as a matter of law or (2) when a legal principle precludes recovery. *See Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227–28 (Tex.1990) (evidence conclusive); *John Masek Corp. v. Davis*, 848 S.W.2d 170, 173 (Tex.App.—Houston [1st Dist.] 1992, writ denied) (evidence conclusive, principle of law). A trial court may disregard an immaterial jury finding and enter judgment on the remaining findings. *Dewberry v. McBride*, 634 S.W.2d 53, 55 (Tex. App.—Beaumont 1982, no writ).

A trial court may disregard an immaterial jury finding on its own motion. *Id.* A jury finding is immaterial when the trial court should not have submitted the question to the jury and the jury's finding does not apply to the case. *Brown v. Armstrong*, 713 S.W.2d 725, 728 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). A trial court may also disregard a jury finding when other

---

**4.** The trial court did not submit a jury question on whether the Joint Venture or Strelow knew of, should have known of, or concealed the premises defect.

jury findings render it immaterial. *C & R Transp., Inc. v. Campbell,* 406 S.W.2d 191, 195 (Tex.1966); *Watson v. Nortex Wholesale Nursery, Inc.,* 830 S.W.2d 747, 750 (Tex. App.—Tyler 1992, writ denied). When a trial court disregards an immaterial jury response, we do not consider it as a judgment notwithstanding the verdict. *Brown,* 713 S.W.2d at 728; *Dewberry,* 634 S.W.2d at 55.

### 2. Theories of Recovery

▇▇ An owner or occupier of land has a duty to use reasonable care to keep premises under his control in a safe condition. *Redinger v. Living, Inc.* 689 S.W.2d 415, 416 (Tex.1985). The owner or occupier may be liable for negligence in two situations: (1) those arising from a premises defect and (2) those arising from an activity or instrumentality. *Id.*

▇▇ When the alleged injury is the result of a negligent activity, the injured party must have been injured by, or as a contemporaneous result of, the activity itself—not a condition the activity created. *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992). When the alleged injury is the result of the premises's condition, the injured party can only recover under a premises defect theory. *See H.E. Butt Grocery Co. v. Warner,* 845 S.W.2d 258, 259 (Tex.1992). "Adroit phrasing of the pleadings to encompass design defects, per se negligence or any other theory of negligence" does not affect application of premises liability law. *See generally First Fin. Dev. Corp. v. Hughston,* 797 S.W.2d 286, 291 (Tex.App.—Corpus Christi 1990, writ denied). To prevail on a premises defect claim, a plaintiff must prove:

(1) The owner/operator's actual or constructive knowledge of some condition on the premises;

(2) The condition posed an unreasonable risk of harm;

(3) The owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) The owner/operator's failure to use reasonable care proximately caused the plaintiff's injuries.

*Keetch,* 845 S.W.2d at 264; *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex. 1983).

▇▇ An ordinance legislatively defines the conduct required to show "reasonable care." *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 549 (Tex.1985). An unexcused violation of a statute or ordinance may conclusively prove failure to use reasonable care if the legislative body designed the statute or ordinance: (1) to protect a particular class of persons (2) from a particular type of harm and (3) the plaintiff is a member of that class, (4) who suffers the particular type of harm so protected. *See Mundy v. Pirie–Slaughter Motor Co.,* 146 Tex. 314, 320, 206 S.W.2d 587, 590 (1947). However, before a plaintiff can prove the defendant failed to use reasonable care, he must prove the defendant knew or should have known of the dangerous condition. *See Keetch,* 845 S.W.2d at 265.

### 3. Application of Law to Facts

▇▇ The undisputed evidence shows that any negligent act in constructing the balcony extension occurred eight years before the balcony collapsed and killed Lynn McDaniel. Because the construction activity itself did not injure Lynn McDaniel, the only recovery theory available to the McDaniels was premises defect.

For the McDaniels to recover under a premises defect theory, the jury had to find that the Joint Venture and the Individuals knew or had reason to know of the dangerous condition. The jury found that Faulhaber, Horn, Blabaum, Schultz, and Hebert did not know or have reason to know of the dangerous condition.[5] The trial court did not submit, and the McDaniels did not request, a jury question on the Joint Venture's and Strelow's liability under a premises defect theory. Consequently, the McDaniels could not recover under the only theory available to them—premises defect.

---

5. The McDaniels do not challenge the jury's findings that Faulhaber, Horn, Blabaum, Schultz, and Hebert did not know or have reason to know of the dangerous condition.

■ Because the McDaniels were limited to a premises defect theory of recovery, a jury finding of negligent hiring-supervising was immaterial. The trial court properly disregarded the jury's finding of negligent hiring-supervising.

■ In their motion for rehearing, the McDaniels rely on *Nixon v. Mr. Property Management Co.* to show that traditional premises liability law is "irrelevant" in a violation of a city ordinance. They argue the violation is negligence per se. The McDaniels misplace their reliance.

*Nixon* holds that the unexcused violation of an ordinance can establish a lack of reasonable care. *See Nixon,* 690 S.W.2d at 549. The *Nixon* court also discussed and relied on the offending party's knowledge of earlier events that had occurred in the apartments. *Id.* at 549–50.

We agree the undisputed evidence shows that Huckabee did not comply with the Stephenville Building Code. That the McDaniels phrased their pleadings to encompass an ordinance violation as per se negligence does not affect our application of premises liability law.

We hold that any violation of the city ordinance relates only to the third element of the premises defect cause of action. Our holding harmonizes the supreme court's recent decisions with *Nixon. Compare Warner,* 845 S.W.2d at 259 *and Keetch,* 845 S.W.2d at 264 *with Nixon,* 690 S.W.2d at 549.

■ Because the jury did not find that the Joint Venture or the Individuals knew or should have known about the dangerous condition, the McDaniels failed to prove the first element of their premises defect claim. The trial court properly disregarded the jury's findings of negligence because of building code violations.

The trial court correctly entered judgment for Faulhaber, Horn, Blabaum, Schultz, and Hebert on the remainder of the jury's findings. The trial court correctly entered judgment for Strelow and the Joint Venture because the jury made no material findings of premises liability against them.

We overrule the McDaniels' first and second points of error as they apply to Faulhaber, Horn, Blabaum, Schultz, Strelow, Hebert, and the Joint Venture.

## SUMMARY JUDGMENT

In their third point of error, the McDaniels argue the trial court erred in granting summary judgment for the Movants.[6] The McDaniels contend that the Movants relied on the Restatement of Torts as their basis for summary judgment. The McDaniels contend the Restatement of Torts does not apply. The McDaniels maintain that the Joint Venture is liable and, under partnership law, the individual members of the Joint Venture are liable.

### 1. Standard of Review

■ The standard of review in a summary judgment case is well established. *See* TEX.R.CIV.P. 166a(c); *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 23 (Tex. 1990); *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 413 (Tex.1989); *Nixon,* 690 S.W.2d at 548–49; *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979); *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). A fact is established as a matter of law if ordinary minds cannot differ on the conclusion to be deduced from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors Supply, Inc.,* 644 S.W.2d 443, 447 (Tex. 1982); *Zep Mfg. Co. v. Harthcock,* 824 S.W.2d 654, 657–58 (Tex.App.—Dallas 1991, no writ).

■ Conflicting evidence gives rise to genuine issues of fact. *See Randall v. Dallas Power & Light Co.,* 752 S.W.2d 4, 5 (Tex.1988) (per curiam). Ambiguous evidence gives rise to genuine issues of fact. *Parker v. Yen,* 823 S.W.2d 359, 365 (Tex. App.—Dallas 1991, no writ).

■ To show its entitlement to summary judgment, a defendant must either disprove an essential element of the plaintiff's cause of action as a matter of law or establish

---

**6.** Tilson, Karls, Wahlin, and Williams.

all elements of its defense as a matter of law. *See Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Pinckley v. Gallegos*, 740 S.W.2d 529, 531 (Tex.App.— San Antonio 1987, writ denied). A motion for summary judgment must "stand or fall on the ground expressly presented in the motion." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993). When a trial court does not specify the ground on which it granted summary judgment, appellant must show that the movant asserted no grounds that would support the summary judgment. *Parker*, 823 S.W.2d at 362.

### 2. Application of Law to Facts

■ To prevail on their premises liability claim against the Movants, the McDaniels had to show that the Movants knew or should have known of the dangerous condition. *Keetch*, 845 S.W.2d at 264. The Movants alleged as a grounds for summary judgment that they did not know, or have reason to know, of the premises defect. The McDaniels did not controvert the Movants' summary judgment evidence showing lack of knowledge of the defect. The trial court did not err in granting summary judgment as a matter of law.

We overrule the McDaniels' third point of error.

### SETTLEMENT CREDIT

In their fourth and fifth points of error, the McDaniels argue the trial court erred in offsetting the jury's award by the full $1,000,000 settlement. They maintain the trial court should have used the percentage formula prescribed by the civil practice and remedies code. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 33.012(b)(2) (Vernon Supp. 1994). Appellees respond that Huckabee did not properly file his written election choosing the percentage credit and that the earlier written election asking for a dollar-for-dollar credit should control. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 33.014 (Vernon Supp.1994).

### 1. Applicable Law

The Texas Civil Practice and Remedies Code governs contribution from settling defendants. Defendants must file a written election on which dollar credit they want the trial court to apply. TEX.CIV.PRAC. & REM. CODE ANN. § 33.014. When defendants make conflicting elections, the Code requires that the trial court proceed as if all defendants have elected under "Subdivision (2) of 33.012(b)." *Id.* That section provides:

(b) If the claimant has settled with one or more persons, the court shall further reduce the amount of damages to be recovered by the claimant with respect to the cause of action by a credit equal to one of the following, as elected in accordance with Section 33.014:

\* \* \* \* \* \*

(2) a dollar amount equal to the sum of the following percentages of damages found by the trier of fact:

(A) 5 percent of those damages up to $200,000;

(B) 10 percent of those damages from $200,001 to $400,000;

(C) 15 percent of those damages from $400,001 to $500,000; and

(D) 20 percent of those damages greater than $500,000.

TEX.CIV.PRAC. & REM.CODE ANN. § 33.012(b).

### 2. Application of Law to Facts

All defendants originally requested the trial court to reduce any damages on the dollar-for-dollar basis of 33.012(b)(1). The morning the trial court submitted this case to the jury, Huckabee filed an election requesting the trial court to apply the percentage reduction method of section 33.012(b)(2).

■ Appellees moved to strike Huckabee's election. Appellees did not contend at trial and do not contend on appeal that Huckabee's election was untimely filed. Appellees argued at trial and on appeal that the trial court should strike Huckabee's election because (1) even though Huckabee's counsel signed the motion, McDaniels' counsel physically filed it; (2) Huckabee did not participate in the trial; and (3) Huckabee's election was the product of collusion with the McDaniels.

The trial court reserved ruling on Appellees' objections. The trial court offset the jury's award on a dollar-for-dollar basis.

The rules of civil procedure contemplate counsel's signing pleadings. *See* TEX. R.CIV.P. 13. We "presume all pleadings are filed in good faith." *Id.* That opposing counsel physically delivered the pleading to the clerk or court does not rebut that presumption. We find no merit in Appellees' objections.

■ Huckabee's second election conflicted with the earlier election. That conflict activated subdivision (2) of section 33.012(b). The statute required the trial court to apply the percentage reduction method of credit calculation. The trial court erred in not following the statute. We sustain the McDaniels' fourth and fifth points of error.

Because of our disposition of the McDaniels' points of error, we do not reach Appellees' cross-points of error. *See* TEX.R.APP.P. 90(a).

We reverse that portion of the trial court's judgment wherein it reduced the McDaniels' award by the $1,000,000 settlement and order that the trial court calculate the credit under section 33.012(b)(2) of the Texas Civil Practice and Remedies Code. We affirm the trial court's judgment in all other matters.

We remand this cause to the trial court for entry of judgment consistent with this opinion.