**AFFIRMED and Opinion Filed April 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01610-CV

**SHENITRA WILLIAMS, INDIVIDUALLY,
AND AS NEXT FRIEND OF R.W., III, A MINOR, Appellant
V.
ADVENTURE HOLDINGS, L.L.C., D/B/A AMAZING JAKES, Appellee**

**On Appeal from the 219th Judicial District Court
Collin County, Texas
Trial Court Cause No. 219-03596-2011**

## MEMORANDUM OPINION
Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice Lang

Shenitra Williams, individually, and as next friend of R.W., III, a minor, appeals the trial court's order granting Adventure Holdings, L.L.C., d/b/a Amazing Jakes's motion for summary judgment on Williams's premises liability claim. Williams raises two issues arguing the trial court erred when it granted Amazing Jakes's motion for summary judgment because: (1) Amazing Jakes used its motion for summary judgment to circumvent filing special exceptions as it was based on a pleading deficiency that could have been cured by amendment; and (2) she raised an issue of material fact as to each element of her claims, precluding both traditional and no-evidence summary judgment.

We conclude the trial court did not err when it granted Amazing Jakes's motion for summary judgment because the motion for summary judgment was not attempting to circumvent

the filing of special exceptions and Williams did not raise an issue of material fact precluding no-evidence summary judgment. The trial court's order granting summary judgment on Williams's claims is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Amazing Jakes is an indoor amusement facility where the public may purchase food, beverages, and play various amusements on its premises. The facility consists of two levels and has two escalators, permitting access between those levels.

To celebrate R.W.'s third birthday, Williams took her son and other family members to Amazing Jakes. Williams allowed her son to play upstairs under the supervision of Williams's nine-year-old sister, while Williams remained downstairs in the dining area. R.W. was riding the descending escalator, without adult supervision, when he tripped, seriously and permanently injuring his hand and fingers.

Williams filed a lawsuit against Amazing Jakes alleging a claim for premises liability and seeking damages for the injuries to R.W.'s hand and fingers. Amazing Jakes filed an answer, generally denying the allegations and asserting the affirmative defense of proportionate responsibility. Williams filed her first amended petition alleging additional negligent conduct by Amazing Jakes and its employees.

Amazing Jakes filed a motion for traditional and no-evidence summary judgment on Williams's premises liability claim. Williams responded arguing discovery was not complete, and the deposition testimony of three Amazing Jakes employees and her expert raised issues of material fact. In her response to the motion for summary judgment, Williams argued she raised issues of material fact as to the elements of both negligent activity and premises liability claims. In its reply, Amazing Jakes argued that Williams was limited to a premises liability claim and her allegations did not support a negligent activity claim. Williams filed her second amended

petition adding an alternative claim for negligent activity and an additional response to the motion for summary judgment.  The trial court granted Amazing Jakes's motion for summary judgment, dismissing Williams's claims.  Williams filed a motion for new trial which was overruled by operation of law.  TEX. R. APP. P. 21.8(c).

## II.  MOTION TO DISMISS

In its brief responding to this appeal, Amazing Jakes includes a motion to dismiss the appeal because Williams failed to properly cite to authority and the clerk's record as required by Texas Rule of Appellate Procedure 38.1(i).  Afterward, Williams filed a motion for leave to amend her brief, which this Court granted.  Then, she filed her amended brief, which contains citations to authorities and the record on appeal.  This Court denies Amazing Jakes's motion to dismiss the appeal.

## III.  MOTION FOR SUMMARY JUDGMENT AS MEANS OF CIRCUMVENTING SPECIAL EXCEPTIONS?

In issue one, Williams argues the trial court erred when it granted Amazing Jakes's motion for summary judgment because Amazing Jakes used its motion to circumvent filing special exceptions.  She claims a motion for summary judgment should not be based on a pleading deficiency that can be cured by an amendment.  Amazing Jakes responds that at the time the motion for summary judgment was filed, Williams's first amended petition alleged only a premises liability claim.

### A.  Applicable Law

Special exceptions may be used to challenge the sufficiency of a pleading.  *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998); TEX. R. CIV. P.  91.  When the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading.  *Friesenhahn*, 960 S.W.2d at 658.  If a party refuses to amend or the amended pleading fails to state a cause of action, then summary judgment may be granted.  *Friesenhahn*, 960 S.W.2d at 658.  However, a

–3–

trial court may not grant summary judgment for failure to state a cause of action without first giving the plaintiff an opportunity to amend the pleadings. *Perry v. S.N.*, 973 S.W.2d 301, 303 (Tex. 1998); *Pietila v. Crites*, 851 S.W.2d 185, 186 n. 2 (Tex. 1993). Nevertheless, summary judgment may be proper if a pleading deficiency is of the type that could not be cured by an amendment. *Friesenhahn*, 960 S.W.2d at 658.

## B. Application of the Law to the Facts

Amazing Jakes moved for traditional and no evidence summary judgment on Williams's premises liability claim. Amazing Jakes argued that it was entitled to traditional summary judgment, as a matter of law, because the evidence demonstrated the escalator was working properly on the day of the incident, disproving the essential element that the condition on the premises posed an unreasonable risk of harm. *See* TEX. R. CIV. P. 166(c). Also, Amazing Jakes argued it was entitled to no evidence summary judgment because Williams had no evidence that the escalator posed an unreasonable risk of harm and that Amazing Jakes had actual or constructive knowledge that the escalator was a dangerous condition. *See* TEX. R. CIV. P. 166(i). Amazing Jakes did not seek summary judgment on the basis that Williams failed to state a cause of action or any other pleading deficiency. Accordingly, we conclude the trial court did not err when it granted Amazing Jakes's motion for summary judgment because that motion was not attempting to circumvent the filing of special exceptions.

Issue one is decided against Williams.

## IV. MATERIAL FACT ISSUE PRECLUDING SUMMARY JUDGMENT?

In issue two, Williams argues the trial court erred when it granted Amazing Jakes's motion for summary judgment because she raised an issue of material fact as to each element of her claims for premises liability and negligent activity. She contends that her summary judgment evidence raised issues of material fact as to Amazing Jakes's prior knowledge that its escalators

were a danger to small children riding alone and failure to warn its customers of the danger or take measures to eliminate the danger. Amazing Jakes responds that with regard to Williams's claim for premises liability, she failed to raise an issue of material fact because she does not identify a condition of the premises that posed an unreasonable risk of harm or show that Amazing Jakes knew or should have known of the alleged dangerous condition on the premises. Instead, Amazing Jakes contends that Williams is taking the position that all escalators are a dangerous condition. Further, Amazing Jakes argues its summary judgment evidence shows that the escalator was functioning properly and equipped with a cutoff switch that "shut down the system if any object became caught in the escalator." Also, Amazing Jakes claims that its summary judgment evidence established there were no prior injuries on the escalator. With regard to Williams's claim for negligent activity, Amazing Jakes responds that her attempt to phrase pleadings to allege another theory of negligence does not affect the application of premises liability law and R.W.'s injury was not caused by any ongoing activity.

### A. Standard of Review

When the trial court's order granting summary judgment does not specify the grounds relied on, an appellate court must affirm the summary judgment if any of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000); *Cunningham v. Tarski*, 365 S.W.3d 179, 186 (Tex. App.—Dallas 2012, pet. denied). Generally, when a party moves for both traditional and no-evidence summary judgment on a claim, an appellate court will first review the trial court's judgment under a no-evidence standard of review. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Cunningham*, 365 S.W.3d at 190.

The same legal sufficiency standard of review that is applied when reviewing a directed verdict is also applied when reviewing a no-evidence summary judgment. *See Tex. Integrated*

–5–

*Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 375 (Tex. App.—Dallas 2009, pet. denied) (op. on motion for reh'g); *RTLC AG Prods., Inc. v. Treatment Equip. Co.*, 195 S.W.3d 824, 829 (Tex. App.—Dallas 2006, no pet.). When reviewing a no-evidence summary judgment, an appellate court must determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Tex. Integrated*, 300 S.W.3d at 375; *RTLC*, 195 S.W.3d at 833. An appellate court reviews a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *See Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam); *Wal-Mart, Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). An appellate court views all of the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered and disregards all contrary evidence and inferences. *See Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *Merrell Dow Pharm. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence summary judgment is improperly granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *See Smith*, 288 S.W.3d at 424. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *See Merrell Dow*, 953 S.W.2d at 711.

### B. Applicable Law

Premises liability is a special form of negligence. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). A premises defect cause of action exists if a person is injured as a result of a condition of the premises. The elements of a premises liability case are: (1) actual or constructive knowledge of some condition on the premises by the owner or operator; (2) the condition posed an unreasonable risk of harm; (3) the owner or operator did not exercise

–6–

reasonable care to eliminate or reduce the risk; and (4) the owner or operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

A condition presents an unreasonable risk of harm for premises-defect purposes when there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen. *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002). There is no definitive test for determining whether a specific condition presents an unreasonable risk of harm. *Pitts v. Winkler County*, 351 S.W.3d 564, 573 (Tex. App.—El Paso 2011, no pet); *Farrar v. Sabine Mgmt. Corp.*, 362 S.W.3d 694, 701 (Tex. App.—Houston [1st Dist.] 2011, no pet.). However, when determining whether an escalator was a condition of the premises that posed an unreasonable risk of harm, courts have looked for evidence of the following: (1) that someone was previously injured by the escalator; (2) whether the construction of the escalator was somehow defective or unusual; (3) the escalator was somehow inherently dangerous or hazardously situated; and (4) whether the escalator was in compliance with applicable standards or that the particular construction or placement of the escalator would have suggested to the premises owner that the escalator presented the prohibited degree of danger, even if it had attempted an inspection for dangerous conditions. *See Dominguez v. Walgreen Co.*, No. 11-08-00045-CV, 2009 WL 3155041 (Tex. App.—Eastland Oct. 1, 2009, no pet.) (mem. op.)[1] (summary judgment on premises liability claim appropriate where child wandered away from mother, fell down and injured hand on escalator, but evidence showed escalator working properly on day of accident and no evidence of escalator malfunction); *Schreiner v. Lakeline Developers*, No. 03-02-00318-CV, 2003 WL 365967, *2

---

[1] "All opinions and memorandum opinions in civil cases issued after [January 1, 2003] have precedential value." Tex. R. App. P. 47.2 cmt., 47.7 cmt.; *see also R.J. Suarez Enters., Inc. v. PNYX, L.P.*, 380 S.W.3d 238, 243 n.2 (Tex. App.—Dallas 2012, no pet.).

(Tex. App.—Austin Feb. 21, 2003, no pet.) (mem. op.) (concluding summary judgment on premises liability claim appropriate where child's head, which was resting on moving escalator handrail, was caught between handrail and stationary metal guardrail because no evidence of the listed criteria); *see also Pitts*, 351 S.W.3d at 573 (courts consider whether premises owner has received complaint of prior injuries or reports of potential danger); *Farrar*, 362 S.W.3d at 701 (evidence of similar injury or complaint caused by condition is probative on question of whether condition posed unreasonable risk of harm). Whether a condition is unreasonably dangerous is ordinarily a fact question. *Pitts*, 351 S.W.3d at 573; *Farrar*, 362 S.W.3d at 701. Nevertheless, the mere fact that an accident occurred is no evidence that there was an unreasonable risk of such an occurrence. *Schreiner*, 2003 WL 365967, at *2; *Dabney v. Wexler-McCoy, Inc.*, 953 S.W.2d 533, 537 (Tex. App.—Texarkana 1997, pet. denied).

When the injury is the result of the premises condition, the injured party can only recover under a premises defect theory. *McDaniel v. Cont'l Apartments Joint Venture*, 887 S.W.2d 167, 171 (Tex. App.—Dallas 1994, writ denied) (citing *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992)). Adroit phrasing of the pleadings to encompass design defects, per se negligence, or any other theory of negligence does not affect the application of premises liability law. *McDaniel*, 887 S.W.2d at 171.

### C. Application of the Law to the Facts

Amazing Jakes argued it was entitled to no-evidence summary judgment because Williams had no evidence that the escalator posed an unreasonable risk of harm and that Amazing Jakes had actual or constructive knowledge that the escalator was a dangerous condition. *See* TEX. R. CIV. P. 166(i). On appeal, Williams points to the following summary judgment evidence, which she contends raised an issue of material fact, precluding summary judgment on her premises liability claim: (1) the depositions of three employees of Amazing

Jakes, stating they knew it was dangerous for small children to ride an escalator unescorted by an adult; and (2) an expert report stating, "it was unsafe to allow small children to freely roam and access both floors of the amusement facility" and "[Amazing Jakes] knew, or should have known, the dangers associated with operating an escalator, in a children's play environment, and taken proactive safety measures to provide a safe experience for its guests."

Williams does not direct us to any evidence that shows anyone was previously injured by the escalator. There was no evidence that the construction of the escalator was somehow defective or unusual. Williams did not present evidence that the escalator was somehow inherently dangerous or hazardously situated. There is no evidence that the construction of the escalator was not in compliance with applicable standards, or that the particular construction and placement of the escalator served as a suggestion or warning to Amazing Jakes that it presented the prohibited degree of danger, even if Amazing Jakes attempted inspections for dangerous conditions. *See Schreiner*, 2003 WL 365967, at *2.

The evidence that Williams was not supervising R.W. and he was injured while riding an escalator is evidence only that he was injured while riding the escalator. *See Schreiner*, 2003 WL 365967, at *3. Further, the evidence that children should not be permitted to ride an escalator while unsupervised by an adult is just that. Accordingly, we conclude the trial court did not err when it granted Amazing Jakes's motion for no-evidence summary judgment because Williams failed to raise an issue of material fact demonstrating the escalator was a condition of the premises that posed an unreasonable risk of harm.

Also, Williams argues she raised an issue of material fact precluding summary judgment on her negligent activity claim.[2] After Amazing Jakes filed its motion for summary judgment,

---

[2] Williams does not raise an issue or otherwise argue that the trial court erred when it granted summary judgment, dismissing all of her claims, because Amazing Jakes did not move for summary judgment on her negligent activity claim.

Williams amended her petition to include a claim for negligent activity. Her negligent activity claim alleged, in part, "The layout and design of [Amazing Jakes's] amusement facility presented a continuing and ongoing danger/hazard to small children because of the activity of allowing small children to ride the escalators in question alone and unsupervised." Williams's adroit phrasing of her second amended petition to encompass a negligent activity theory does not affect the application of premises liability law. *See McDaniel*, 887 S.W.2d at 171.

Issue two is decided against Williams.

## V. CONCLUSION

Amazing Jakes's motion to dismiss the appeal is denied.

The trial court did not err when it granted Amazing Jakes's motion for summary judgment because the motion for summary judgment was not attempting to circumvent the filing of special exceptions and Williams did not raise an issue of material fact precluding no-evidence summary judgment.

The trial court's order granting Amazing Jakes's motion for summary judgment is affirmed.

/Douglas S. Lang
DOUGLAS S. LANG
121610F.P05                                                JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHENITRA WILLIAMS,
INDIVIDUALLY, AND AS NEXT
FRIEND OF R.W., III, A MINOR,
Appellant

No. 05-12-01610-CV        V.

ADVENTURE HOLDINGS, L.L.C., D/B/A
AMAZING JAKES, Appellee

On Appeal from the 219th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 219-03596-2011.
Opinion delivered by Justice Lang.   Justices
FitzGerald and Fillmore participating.

In accordance with this Court's opinion of this date, the trial court's order granting summary judgment is **AFFIRMED**.

It is **ORDERED** that appellee ADVENTURE HOLDINGS, L.L.C. D/B/A AMAZING JAKES recover its costs of this appeal from appellant SHENITRA WILLIAMS, INDIVIDUALLY, AND AS NEXT FRIEND OF R.W., III, A MINOR.

Judgment entered this 22nd day of April, 2014.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

–11–