ACCEPTED
13-15-00072-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/16/2015 11:18:38 AM
CECILE FOY GSANGER
CLERK

## NO. 13-15-00072-CV

---

# IN THE COURT OF APPEALS
# THIRTEENTH COURTS OF APPEALS DISTRICT
# CORPUS CHRISTI/EDINBURG, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/16/2015 11:18:38 AM
CECILE FOY GSANGER
Clerk

---

## JIMMIE DONNAN

### Appellant

## V.

## KIMCO REALTY CORPORATION AND MAURICE REYNOLDS

### Appellees

---

## APPELLEES' BRIEF

---

**Respectfully submitted,**

**HUNTER\*BARKER\*FANCHER, LLP**

**F. Edward Barker**
**State Bar No. 01741000**
**Floyd W. Brown, Jr.**
**State Bar No. 00796254**
**555 N. Carancahua, Suite 1200**
**Corpus Christi, Texas 78401-0843**
**Telephone: 361-884-8777**
**Facsimile:   361-882-9437**
**ATTORNEYS FOR APPELLEES**
**KIMCO REALTY CORPORATION**
**AND MAURICE REYNOLDS**

i

# LIST OF PARTIES

**Appellant**
Jimmie Donnan

**Appellant's Counsel**
John J. Hopkins
State Bar No. 00796775
THE LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Telephone: 361-986-0600
Facsimile: 361-985-0601

**Appellees**
KIMCO Realty Corporation and
Maurice Reynolds

**Appellee's Trial Counsel**

F. Edward Barker
State Bar No. 01741000
HUNTER*BARKER*FANCHER, LLP
555 N. Carancahua, Suite 1200
Corpus Christi, Texas 78401-0843
Telephone: 361-884-8777
Facsimile: 361-882-9437

**Appellee's Appellate Counsel**

Floyd W. Brown, Jr.
State Bar No. 00796254
HUNTER*BARKER*FANCHER, LLP
555 N. Carancahua, Suite 1200
Corpus Christi, Texas 78401-0843
Telephone: 361-884-8777
Facsimile: 361-882-9437

# TABLE OF CONTENTS

List of Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement Concerning Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . .vii

Issues Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . .vii

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.     Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    II.     Reply Issue No. 1: The Trial Court ruled correctly in finding no-evidence of actual or constructive knowledge of a premises defect   4

        A. Appellant's misstatement of the Record . . . . . . . . . . . . . . . . . . . . 4

        B. There is no evidence of actual or constructive knowledge of an alleged defect . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        C. Reliance on *Cohen v. Landry's Inc.* is misplaced . . . . . . . . . . . . . 9

        D. Appellant waived argument by failing to raise issue at Trial Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    III.     II. Reply to issue No. 2: Appellant has waived issue No. 2 by failing to brief the issue before this Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    IV.     Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    V.     Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# INDEX OF AUTHORITIES

INDEX OF AUTHORITIES

**Cases**

*City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000) . . . . . . . . . . . . 7,13,

*Cohen v. Landry's Inc.*, 442 S.W.3d 818 (Tex. App.-Houston[14th Dist.] 2014, pet.
denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10,11

*Corbin v. Safeway Stores*, 648 S.W.2d 292, 295 (Tex. 1983) . . . . . . . . . . . . . 7, 13

*Del Largo Partners v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010) . . . . . . . . . . . 6, 13

*F. W. Woolworth Co. v. Goldston*, 155 S.W.2d 830, 832(Tex. Civ. App.-Amarillo
1941, writ ref'd w.o.m.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992) . . . . . . 13, 14

*McDaniel v. Continental Apartments Joint Venture*, 887 S.W.2d 167, 171(Tex. App.-
Dallas 1994, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Smith v. Tilton*, 3 S.W.3d 77, 84 (Tex. App.-Dallas 1999, no pet.) . . . . . . . . . 7,13

*Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002) . . . . . . . . . . . . 7

*Wooldridge v. Gross National Bank*, 603 S.W.2d 335, 344 (Tex. Civ. App.-Waco
1980, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12


**Court Rules**

*Tex. R. Civ. P.* 166a (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
*Tex. R. Civ. P. 166a(i)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

## STATEMENT OF THE CASE

This is an appeal from a Summary Judgment granted on October 17, 2014 in Cause No. 2013-CCV-60590-2, *Jimmie Donnan v. Kimco Realty Corporation ,et al*, by County Court at Law No. 2, Nueces County, Texas, the Honorable Lisa Gonzales presiding. (CR 1325). Plaintiff/Appellant filed suit on April 2, 2013 seeking personal injury damages allegedly sustained from a fall that occurred on November 5, 2012. (CR 12-19). Plaintiff/Appellant originally brought suit against KIMCO Realty Corporation and Maurice Reynolds, the owner of Island Gate Plaza Shopping Center and the property manager of the facility. (CR 12-19). Plaintiff/Appellant amended her Petition to join Bed Bath & Beyond, Inc. and Elite Commercial Services, Inc. on March 17, 2014 and April 14, 2014 respectively. (CR 267-275 and CR 316-324). Plaintiff/Appellant asserted claims sounding in premises liability and negligence against KIMCO Realty Corporation and Maurice Reynolds (CR 316-324).

On February 21, 2014 Defendants/Appellees filed a Traditional Motion for Summary Judgment relating to Plaintiff/Appellant's negligence related allegations. (CR 228-253). On June 10, 2014 Defendants/Appellees filed a No-Evidence Motion for Summary Judgment relating to Plaintiff/Appellant's premises liability allegations. (CR 355-367). Bed Bath & Beyond and Elite Commercial Services filed dispositive motions on September 10, 2014 and September 18, 2014. (CR 542-774) respectively

(CR 542-774; 781-801). Plaintiff/Appellant filed a Joint Response to all of the Defendants' Motions for Summary Judgments relating to Plaintiff's negligence claims on October 3, 2014. (CR 847-888). Plaintiff/Appellant also filed a Joint Response to all of the Defendants' Motions for Summary Judgment relating to Plaintiff's premises liability claims on October 3, 2014. (CR 889-1168).

On October 16, 2014 and October 17, 2014 The Honorable Lisa Gonzalez granted each Defendant's Traditional and No-Evidence Motions for Summary Judgments. (CR 1317-1326). Appellant filed a Notice of Appeal solely as to her claims against KIMCO Realty Corporation and Maurice Reynolds. (CR 2168-2169). Appellant's appeal is limited to her premises liability claims against KIMCO Realty Corporation and Maurice Reynolds. (Appellant's Brief pg. 5).

## STATEMENT CONCERNING ORAL ARGUMENT

This is an appeal from a No-Evidence Summary Judgment granted in a premises liability suit based upon no evidence of actual or constructive knowledge of the alleged premises defect. Appellees contend oral argument is unnecessary in this case. In the event this Honorable Court requests oral argument from Appellant, Appellees would respectfully request the opportunity to participate in arguments and be afforded the opportunity to respond to Appellant's argument.

## ISSUES PRESENTED

Reply to Issue No. 1: The Trial Court ruled correctly in finding no evidence of actual or constructive knowledge of a premises defect.

Reply to Issue No. 2: Appellant waived Issue 2 by failing to brief the issue before this Court.

## STATEMENT OF FACTS

On November 5, 2012 Jimmie Donnan was walking on a sidewalk in front of the Bed Bath & Beyond store located at the Island Gate Shopping Center in Corpus Christi, Texas. (CR 13) Ms. Donnan alleges that she tripped on a plumbing drain cap cap located in the sidewalk and sustained injuries as a result of the fall. (CR 13) Ms. Donnan brought suit against Kimco Realty Corporation, the management company for Island Gate Shopping Center and the property manager, Maurice Reynolds. (CR 12) Plaintiff later joined Elite Commercial Services, Inc. and Bed Bath & Beyond, Inc. (CR 316) Plaintiff made allegations sounding in negligence and premises liability. (CR 318-321) In Plaintiff's Petition she alleged "**it is unclear whether the unsafe condition was a condition that existed on the premises or had recently arisen from some sort of activity.**" (emphasis added) (CR 318)

On February 21, 2014 Defendants, KIMCO Realty and Maurice Reynolds, filed a Traditional Motion for Summary Judgment addressing Ms. Donnan's negligence theories of recovery. (CR 228) On June 10, 2014 KIMCO Realty and Reynolds filed a No-Evidence Motion for Summary Judgment addressing Plaintiff's premises liability claims. On October 3, 2014 Plaintiff filed separate Responses to Defendants' Traditional and No-Evidence Motion for Summary Judgments. (CR 847, 889). On October 17, 2014 the Honorable Lisa Gonzales signed an Order granting Defendants'

1

Traditional and No-Evidence Motions for Summary Judgment.(CR 1325)

Plaintiff/Appellant has brought this appeal complaining of the Trial Court's granting of Defendant/Appellees' No-Evidence Motion for Summary Judgment relating to her premises liability claim. (Appellant's Brief pg. 5).

The Trial Court properly granted Appellees' Motion for Summary Judgment as there is no evidence that Defendants had actual or constructive knowledge of an alleged premises defect. There was no evidence that Appellees had actual knowledge of an alleged defect, as admitted by Appellant. (Appellant's Brief pg. 10) Similarly, there is no temporal evidence establishing constructive knowledge of an alleged defect.

## SUMMARY OF ARGUMENT

To prevail in a premises liability claim the claimant must present evidence that the defendant had actual or constructive knowledge of an alleged defect in the premises. In the absence of evidence of actual knowledge there must be evidence that a defect existed for a period of time sufficient to establish that the defendant should have known of the defect. Without some temporal evidence, there is no basis upon which a factfinder can reasonably assess the opportunity the premises owner had to discover the condition and therefore constructive knowledge cannot be found.

2

Appellant, in Response to Appellees' No-Evidence Motion for Summary Judgment, acknowledged that there was no evidence of actual knowledge on behalf of Defendants, KIMCO Realty and Maurice Reynolds. (CR 895) Additionally, Appellant failed to produce any evidence that KIMCO Realty or Maurice Reynolds had constructive knowledge of an alleged defect. Appellant admitted that it was unknown if the alleged defect had just occurred or had existed on the premises for a period of time. (CR 318) Summary Judgment was properly granted as to Appellant's premises liability cause of action.

Appellant did not raise a point issue error regarding to her negligence related causes of action. Appellant did present an issue that the Appellees were negligent in failing to provide safe ingress and egress onto the property. (Appellate's Brief page 6) Appellant failed to brief this issue and therefore the issue is waived. Irrespective of the waiver, the issue presented, as worded, relates to Appellate's premises liability cause of action.

## ARGUMENTS AND AUTHORITIES

### I.   STANDARD OF REVIEW

In a No-Evidence Motion for Summary judgment the movant "must state the elements as to which there is no evidence." *Tex. R. Civ. P. 166a(i)*. If the movant has identified specific elements he claims lack evidence, the Appellate Court must determine *de novo* whether the non-movant has produced more than a scintilla of probative evidence to raise a genuine issue of material fact. *Clearview Props., L.P. v. Prop. Tex. SC One Corp.*, 287 S.W.3d 132, 137 (Tex. App.-Houston[14th Dist.] 2009, pet. denied). If the non-movant fails to produce summary judgment evidence that raises a genuine issue of material fact the trial court must grant the No-Evidence Motion for Summary Judgment. *Tex. R. Civ. P 166a(I)*.

### II.   Reply Issue No. 1: The Trial Court ruled correctly in finding no-evidence of actual or constructive knowledge of a premises defect.

#### A. Appellant's misstatement of the Record

Appellant has brought this appeal complaining of the granting of Appellees' Motion for Summary Judgment relating to Appellant's premises liability claim. (Appellant's Brief pg. 5) In support of her arguments Appellant alleges that Appellees' Summary Judgment was based, in part, upon the affidavit of Maurice Reynolds. (Appellant's Brief pg. 9). Appellant further alleges that the alleged

4

premises defect, a drain cap, was only accessible by Appellants. (Appellant's Brief pg. 10) Appellees' arguments relating to these statements are incorrect and border on contemptuous.

Appellees filed a No-Evidence Motion for Summary Judgment relating to Appellant's premises liability claim. (CR355-358). Appellees did not rely upon the affidavit of Maurice Reynolds in support of their No-Evidence Motion for Summary Judgment. (CR355-358) Appellees moved for summary judgment based upon the lack of evidence of actual or constructive knowledge of a defect, an essential element to Appellant's premises liability claim. (CR355-358). In doing so Appellees were not required to rely upon any evidence pursuant to *Tex. R. Civ. P. 166a(i)*. Appellant bore the burden of producing evidence of actual or constructive knowledge.

Additionally, Appellant is incorrect in misleading this Court by alleging that the drain cap was only accessible by or through the acts of the Appellees. (Appellant's Brief pg. 10) Appellant directs the Court to the testimony of Steve Eshleman in support of this argument. (Appellant's Brief pg. 10) The testimony of Mr. Eshleman in no way indicated that the drain cap was only accessible by Appellees. In fact, the drain cap is open to the general public and can be manipulated by any individual walking on the sidewalk. (CR1143-1146) These arguments should be disregarded by this Court as the arguments are incorrect and unsupported by the

5

Record in this matter.

**B. There is no evidence of actual or constructive knowledge of an alleged defect**

To prevail in a premises liability action the plaintiff must produce evidence of the following elements: (1) the plaintiff was an invitee; (2) the defendant was the possessor of the premises; (3) a condition on the premises posed an unreasonable risk of harm; (4) the defendant knew or reasonably should have known of the danger; (5) that the defendant breached its duty of ordinary care by failing to adequately warn the plaintiff of the condition or failing to make the condition reasonably safe; and (6) the defendant's breach proximately caused the plaintiff's injury. *Del Largo Partners v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010); *Corbin v. Safeway Stores*, 648 S.W.2d 292, 295 (Tex. 1983).

A defendant has actual knowledge of a premises defect if it actually knew of the defect. *Keetch v. The Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992). Constructive knowledge is based upon the defect existing long enough that the defendant should have known of the defect. *See, Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002).The rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive knowledge is firmly rooted in Texas jurisprudence. *Wal-Mart Stores, Inc.* 81 S.W.3d at 815.

6

There is no rule of law that is better established in this state. *F. W. Woolworth Co. v. Goldston*, 155 S.W.2d 830, 832(Tex. Civ. App.-Amarillo 1941, writ ref'd w.o.m.).

The so called time-notice rule is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy the a dangerous condition. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000).Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition. *Walmart Stores, Inc.,* 81 S.W.3d at 815. Before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition, there must be some proof as to how long the hazard was there. *Id.*

In the case at bar Appellant failed to provide any evidence of actual or constructive knowledge. Appellant did not direct the Trial Court nor this Honorable Court to any evidence, much less a scintilla of evidence, of actual knowledge. In fact, Appellant states in her Brief "[t]here has been no evidence discovered that suggest that any of the Appellees had actual knowledge so Appellant must show that they had constructive knowledge of the defect." (Appellant's Brief pg. 10)

Despite this admission Appellant attempts to misdirect this Court by suggesting Appellees had actual knowledge as a result of their **alleged** exclusive access to the drain cap. Appellant attempts to imply that Appellees "must have" actual knowledge because Appellees had exclusive access to the drain cap and must have created the defect. (Appellant's Brief pg. 10) As mentioned above, Appellant's argument is unsupported as the drain cap was accessible to the general public. (CR 1143-1146) There is no evidence that Appellees "must have" created the danger. Appellant's argument is simply that- argument by counsel completely unsupported by the record or the evidence. There is no evidence of actual knowledge.

Likewise, there is no evidence of constructive knowledge of the alleged defect. To establish constructive knowledge the Appellant is required to provide some temporal evidence to establish that the premises owner had an opportunity to discover the defect. *Walmart Stores, Inc. v. Reece*, 81 S.W.3d at 815. Appellant acknowledges the lack of temporal evidence in her pleadings wherein she states " it was unclear whether the unsafe condition was a condition that existed on the premises or had recently arisen." (CR 837) Appellant did not provide any evidence that would establish the length of time the allege defect existed before the accident occurred. Without such evidence there is no evidence of constructive knowledge. *Walmart Stores, Inc.*, 81 S.W.3d at 815.

8

Realizing the lack of temporal evidence Appellant attempted to rely upon the theory of *res ipsa loquitor* in an attempt to establish knowledge. (CR 840) *Res Ipsa* does not satisfy a plaintiff's burden to supply evidence of a defendant's knowledge of a dangerous condition in a premises liability action. *Parks v. Steak & Ale of Tex., Inc.*, 2006 WL 66428 at *2-3 (Tex. App.-Houston[1st Dist.] 2006, pet. denied) Thus, Appellant's attempt to rely upon *res ipsa loquitor* to establish actual or constructive knowledge is unfounded.

**C. Reliance on *Cohen v. Landry's Inc.* is misplaced**

Appellant relies upon *Cohen v. Landry's Inc.*[1] in support of her argument that Appellees had actual or constructive knowledge of the alleged premises defect. (Appellant's Brief pgs. 16-17) Appellant's reliance on *Cohen* is misplaced as the Houston Court of Appeals found actual or constructive knowledge based upon completely distinguishable facts.

In *Cohen*, the Fourteenth Court of Appeals found that Defendant, Landry's Inc., knew or should have known of a slight elevation in the sidewalk caused by tree roots growing underneath the sidewalk. *Cohen v. Landry's Inc.*, 442 S.W.3d 826-27 The Court referred to an expert report included in the summary judgment evidence

---

[1] Cohen v. Landry's Inc., 442 S.W.3d 818 (Tex. App.-Houston[14th Dist.] 2014, pet. denied)

9

which noted that small changes in elevations of sidewalks caused by tree roots occur over a period of time. *Id.* Thus, due to the fact that the defect is created over a 'period of time" a reasonable inspection would have revealed the defect. *Id.*

In a case such a *Cohen,* there is temporal evidence sufficient to establish constructive knowledge. The summary judgment evidence established that the tree roots take a period of time to create the defect in the sidewalk. This period of time is sufficient to allow a factfinder to determine that the Defendant should have discovered the defect.

In the case at bar there is no summary judgment evidence that establishes that the alleged defect, a raised drain cap, takes a period of time to develop. Appellant's Brief illustrates the lack of evidence necessary to establish that the alleged defect took time to create. Appellant states the alleged defect must have been "created by Appellees or, in the alternative, have occurred over a length of time". (Appellant's Brief pg. 7) Appellant does not know because there is no evidence. Additionally, Appellant's pleadings illustrate the lack of temporal evidence necessary to establish constructive knowledge. Appellant's Third Amended Petition stated "it is unclear whether the unsafe condition was a condition that existed on the premises or had recently arisen." (CR 837) The lack of temporal evidence in this case clearly distinguishes *Cohen* case from the case at bar.

**D. Appellant waived argument by failing to raise issue at Trial Court**

A party responding to a Motion for Summary Judgment must expressly present to the trial court, by written answer or response, any issues defeating the movant's entitlement to Summary Judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979)(the written answer or response must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion) Issues not expressly presented to the trial court by written motion, answer or response shall not be considered on appeal as grounds for reversal. *See, Tex. R. Civ. P.* 166a(c). Summary Judgments must stand or fall on their own merits. *Clear Creek*, 589 S.W.2d at 678.

In response to Appellees' No-Evidence Motion for Summary Judgment Appellant filed over 265 pages of documents. (CR 901-1168) Included in her summary judgment evidence Appellant filed the report of Gary Nelson, an eighteen page single spaced report. (CR 1150-1167) Appellant did not direct the Trial Court nor Appellees to any specific language or portion of the Nelson report, but rather simply stated that the report illustrates Appellees' failure to "identify, evaluate and control" premises defects. (CR 897) A failure to identify, evaluate and control premises defects relate to a party's duty to inspect and warn of premises defects, an element not attacked by Appellees.

11

For the first time on appeal Appellant directs the Court to specific language in the Nelson report and argues that the language illustrates Appellees' failure to inspect the premises. (Appellant's Brief pg. 16) Appellant failed to direct the trial court to these arguments and failed to refer the trial court to the specific language in the report. A trial court is not required to sift through a party's evidence in an attempt to find a fact issue to defeat a Motion for Summary Judgment. *Wooldridge v. Gross National Bank*, 603 S.W.2d 335, 344 (Tex. Civ. App.-Waco 1980, no writ) Appellant has waived these arguments for failure to expressly present the arguments to the trial court. *Clear Creek*, 589 S.W.2d at 678.

Irrespective of Appellant's waiver, the language referred to by Appellant does not create a fact issue relating to actual or constructive knowledge. The Nelson report criticizes Appellees for failing to inspect the premises. Failure to inspect is simply one element of a premises liability claim. A claimant is still required to produce evidence of actual or constructive knowledge. *Del Largo Partners*, 307 S.W.3d at 767; *Corbin*, 648 S.W.2d at 295. There still must be evidence that the condition did occur for a sufficient length of time so that a reasonable inspection would have revealed it. *CMH Homes, Inc.*, 15 S.W.3d at 102-03 Appellant produced no temporal evidence and therefore there is no evidence of actual or constructive knowledge. The Trial Court correctly granted Appellees' No-Evidence Motion for Summary Judgment

12

relating to Appellant's premises liability claim.

### III. Reply to issue No. 2: Appellant has waived issue No. 2 by failing to brief the issue before this Court

Appellant presented two issues to the Court, however failed to brief and argue Issue No. 2. (Appellant's Brief pg. 6) Appellant presented an issue stating "[t]he trial court erred in ruling that Appellees were not negligent in their failure to provide a safe ingress and egress to the Bed Bath & Beyond." (Appellant's Brief pg. 6) Appellant failed to brief this issue and provided no argument or authorities in support of this issue. Appellant certainly did not make any argument that a "negligent activity" was occurring at the time of the accident. More importantly, Appellant did not provide any argument relating to this issue. Points of error asserted on appeal but not briefed are waived. *Smith v. Tilton*, 3 S.W.3d 77, 84 (Tex. App.-Dallas 1999, no pet.)

Pleading in the alternative, and only should this Court find that Appellant did not waive Issue no. 2, Appellant's Issue No. 2 is an attempt to reword a premises claim and make a claim of negligence. When the alleged injury is the result of a premises condition the injured party can only recover under a premises defect theory. *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992) Phrasing of the pleadings to encompass negligence theories does not affect application of premises

13

liability law. *McDaniel v. Continental Apartments Joint Venture*, 887 S.W.2d 167, 171(Tex. App.-Dallas 1994, writ denied)

As stated above, in the case at bar there was no evidence presented to the trial court sufficient to establish actual or constructive knowledge on behalf of the Appellees. The absence of an essential element of Appellant's premises liability claim made Summary Judgment proper in this matter.

## IV. CONCLUSION

Appellant failed to provide any evidence that Appellees had actual or constructive knowledge of an alleged premises defect. Temporal evidence is required to establish constructive knowledge and Appellant did not direct the trial court or this Court to any evidence of the length of time the alleged premises defect existed. As such, the Trial Court was correct in granting Appellees' Motion for Summary Judgment.

## V. PRAYER

Wherefore, premises considered, Appellees respectfully request this Honorable Court to Affirm the Judgment of the Trial Court. Additionally, Appellees pray for any other relief they are entitled to at law or in equity.

Respectfully submitted,

HUNTER✳BARKER✳FANCHER, LLP

F. Edward Barker
State Bar No. 01741000
Floyd W. Brown, Jr.
State Bar No. 00796254
555 N. Carancahua, Suite 1200
Corpus Christi, Texas 78401-0843
Telephone:    361-881-9217
Facsimile:    361-882-9437
ATTORNEYS FOR APPELLEE,
Kimco Realty Corporation and
Maurice Reynolds

# CERTIFICATE OF COMPLIANCE WITH WORD LIMITATIONS

I certify that have reviewed the Appellee's Brief and have concluded that every factual statement made herein is supported by competent evidence included in the appendix or the record.

Pursuant to the TEXAS RULE OF APPELLATE PROCEDURE 9.4(i)(3), I hereby certify that the foregoing brief contains 3,456 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer generated document created in Word Perfect using 14 point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare this document.

HUNTER*BARKER*FANCHER, LLP

F. Edward Barker
State Bar No. 01741000
Floyd W. Brown, Jr.
State Bar No. 00796254
555 N. Carancahua, Suite 1200
Corpus Christi, Texas 78401-0843
Telephone: 361-881-9217
Facsimile: 361-882-9437
ATTORNEYS FOR APPELLEE,
Kimco Realty Corporation and
Maurice Reynolds

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in the manner indicated below on the 16th day of JUNE, 2015.

Via E-Serve and Email and Fax 361-985-0600
Mr. John J. Hopkins
The Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401

F. Edward Barker