**AFFIRM; and Opinion Filed July 15, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00975-CV

**REX PETERSON, Appellant**
**V.**
**LA COSTA VILLAS, L.L.C. AND WESTDALE ASSET MANAGEMENT, LTD.,**
**Appellees**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-07234-B**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Bridges, and Justice Richter[1]
Opinion by Justice Richter

Rex Peterson appeals the no-evidence and traditional summary judgment granted in favor of La Costa Villas, L.L.C. and Westdale Asset Management, LTD. In three issues, Peterson contends the trial court erred by granting summary judgment because: (1) appellees maintained control of the premises, and thus owed a duty to Peterson; (2) the stairs were in violation of the applicable building code and appellees were unreasonable in not discovering the condition of the stairs; and (3) fact issues existed about whether appellees should have been aware of the condition of the stairs. We overrule Peterson's issues and affirm the trial court's judgment.

---

[1] The Hon. Martin Richter, Justice, Assigned

**Factual and Procedural Background**

Peterson, the owner of Big Daddy's Moving, LLC, was hired to move furniture from the upstairs of an apartment at La Costa Villa Apartments. La Costa Villas, LLC owned the apartment complex which was managed by Westdale Asset Management, Ltd. As Peterson was moving a dresser down the stairs inside the apartment, he fell and was injured. Peterson later sued appellees for negligence and negligence per se.

Appellees filed a motion for no-evidence and traditional summary judgment. Because the traditional summary judgment is dispositive, we do not discuss the no-evidence portion of appellees' motion. In the traditional summary judgment portion of their motion, appellees alleged that (1) under Texas law, Peterson's claims must be brought as a premises liability claim, not an ordinary negligence claim or under the doctrine of negligence per se, and (2) appellees did not owe a duty to Peterson because they did not retain control over the interior of the apartment. In response, Peterson maintained, among other things, that appellees retained control over the interior apartment stairs because the defect in the stairs was structural. Specifically, Peterson claimed the stairs were too steep, the tread was too narrow, and there was no handrail, in violation of the applicable building codes. According to Peterson, appellees retained control over the interior stairs because the defect was structural and the lease prohibited the tenant from altering the property without authorization. After considering the motion for summary judgment and reviewing the pleadings, the trial court granted appellees' motion for summary judgment without stating the basis for doing so. This appeal followed.

**Discussion**

Our de novo review of a traditional summary judgment is well settled. We consider all of the evidence in the light most favorable to the nonmovant to determine whether the movant has shown that no material fact issue exists and it is entitled to judgment as a matter of law.

*Carbonara v. Tex. Stadium Corp.*, 244 S.W.3d 651, 654 (Tex. App.—Dallas 2008, no pet.). A defendant is entitled to summary judgment if it conclusively negates at least one element of the plaintiff's cause of action or conclusively establishes all of the elements of an affirmative defense. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Johnson Co. Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996). If the motion and summary judgment evidence facially establish a right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine issue of material fact sufficient to defeat summary judgment. *See Transcontinental Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

An owner or occupier of land in control of the premises may be liable for two types of negligence in failing to keep the premises safe: that arising from an activity on the premises, and that arising from a premises defect. *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997). When, as here, the alleged injury is the result of the condition of the premises, the injured party can recover only under a premises liability theory. *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992); *McDaniel v. Cont'l Apartments Joint Venture*, 887 S.W.2d 167, 171 (Tex. App.—Dallas 1994, writ denied). "Adroit phrasing of the pleadings to encompass design defects, per se negligence or any other theory of negligence" does not affect application of premises liability law. *McDaniel*, 887 S.W.2d at 171.

The threshold inquiry in a premises liability case is duty. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). The existence of a legal duty under a given set of facts and circumstances is a question of law for the court. *Id.* Generally, a lessor has no duty to tenants or their invitees for dangerous conditions on the leased premises. *Johnson Co.*, 926 S.W.2d at 285; *Blancett v. Lagniappe Ventures, Inc.*, 177 S.W.3d 584, 590 (Tex. App.—Houston [1st Dist.] 2011, no pet.). This rule stems from the notion that a lessor relinquishes

–3–

possession of the premises to the lessee. *Blancett*, 177 S.W.3d at 590. One exception to this rule is that a lessor may be liable for injuries resulting from a defect on a portion of the premises that remains under the lessor's control. *Johnson Co*, 926 S.W.2d at 285; *Daitch v. Mid-America Apartment Communities, Inc.*, 250 S.W.3d 191, 194 (Tex. App.—Dallas 2008, no pet.); *Blancett*, 177 S.W.3d at 590.

In his first issue, Peterson argues that appellees retained control over the interior stairs because the defect existed prior to the lease, and the lease prohibited the tenant from repairing or altering the leased premises. We assume for purposes of this opinion that the steepness, narrow tread, and lack of a handrail constitute an existing defect. Because the complained-of defect was not alleged to have been concealed, when appellees relinquished possession of the premises, they also relinquished the duty to warn of or eliminate any unreasonable dangerous premises defects that existed. *Shell Oil Co. v. Kahn*, 138 S.W.3d 288, 295 (Tex. 2004). And, although it is true that landlords may be liable post-lease if they retain a right to control a portion of the premises, that liability is based on physical possession. *Id.* at 296. Retention of the right to make repairs and prohibiting the lessee from making any changes without written consent is the right to re-enter the premises—it is not a reservation of control over a part of the premises. *Id*. at 297; *Flynn v. Pan Am. Hotel Co.*, 183 S.W.2d 446, 449 (Tex 1944). Because Peterson did not present evidence showing appellees retained physical control of the premises at issue or of its intention to occupy or possess the premises during the lease period, we conclude Peterson's argument lacks merit. We overrule Peterson's first issue. Having done so, we need not address Peterson's remaining issues.

Accordingly, we affirm the trial court's judgment.



/Martin Richter/
MARTIN RICHTER
JUSTICE, ASSIGNED


130975F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REX PETERSON, Appellant

No. 05-13-00975-CV        V.

LA COSTA VILLAS, L.L.C. AND
WESTDALE ASSET MANAGEMENT,
LTD., Appellees

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-11-07234-B.
Opinion delivered by Justice Richter.  Chief
Justice Wright and  Justice Bridges
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees LA COSTA VILLAS, L.L.C. AND WESTDALE ASSET MANAGEMENT, LTD. recover their costs of this appeal from appellant REX PETERSON.

Judgment entered this 15th day of July, 2014.